**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TEAMSTERS LOCAL 456 PENSION, HEALTH & WELFARE, ANNUITY, EDUCATION & TRAINING, INDUSTRY ADVANCEMENT, AND LEGAL SERVICES FUNDS by Louis A. Picani, Joseph Sansone, Dominick Cassanelli, Jr., Roger Taranto, Ross Pepe, Jeffery Isaacs, John T. Cooney and Simone Almeida as Trustees and fiduciaries of the Funds, and WESTCHESTER TEAMSTERS LOCAL UNION NO. 456,<br><br>Plaintiffs,<br><br>- against –<br><br>SALTARELLI INDUSTRIES, INC. and NICHOLAS SALTARELLI, individually,<br><br>Defendants. | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**<br><br>Civil Action No.: 7:25-cv-10042 (JGLC/VR) |

**WHEREAS**, the parties to the above captioned action having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients or otherwise sensitive non-public information ("Confidential Information"). Information and documents

designated by a party as confidential will be stamped "CONFIDENTIAL." The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

2. Counsel for any party may designate any document or information, in whole or in part, as highly confidential – attorney's eyes-only, which shall mean any "Confidential Information" that is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those identified in paragraph 6 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party ("Highly Confidential – Attorney's Eyes-Only Information"). A designation of Highly Confidential Information – Attorney's Eyes-Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation. Information and documents designated by a party as confidential will be stamped "Highly Confidential – Attorney's Eyes-Only." The Highly Confidential – Attorney's Eyes-Only Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. Personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceedings herein and who have been advised of their obligations hereunder;

b. Counsel for the Parties to this action, including employees of such counsel assigned to and necessary to assist in the litigation, including in-house counsel, as well as the payroll auditors retained by either party that are reviewing the employer's books,and records to determine amounts owed, if any;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

e. Service providers, including, but not limited to, accountants, payroll auditors, attorneys, and actuaries;

f. An officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical, or other personnel of such officer;

g. Trial and deposition witnesses, if furnished, shown or disclosed the Confidential Information in accordance with paragraphs 10-13 hereof;

h. An outside copying vendor retained by counsel who is assisting counsel in this action;

i. The United States Department of Labor and New York State Department of Labor;

j. The Pension Benefit Guaranty Corporation;

k. Participants, beneficiaries, and members of Plaintiffs; and

l. Such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party.

5. Prior to disclosing or displaying the Confidential Information to any person identified in Paragraph No. 4(c), (g) or (h), counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit "A."

6. Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential – Attorney's Eyes-Only Information shall not be furnished, shown or disclosed to any person or entity except to those identified in paragraph 4(b)-(g) and 4(l).

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "Highly Confidential – Attorney's Eyes-Only Information" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential – Attorney's Eyes-Only Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall

be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" or "Highly Confidential – Attorney's Eyes-Only Information" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal. A party seeking to have a document, a portion of a document, a party or an entire case sealed bears the burden of filing an application setting forth the reason(s) that the referenced material should be sealed under the governing legal standard from. The application to seal shall be filed in accordance with Court Clerk's procedures. The party should also attach to the application or file separately a redacted version of any document that is to contain the sealed material (unless the party seeks to seal the entire document). When the party seeks to seal an entire document, the party shall attach or file that document with a blank page marked appropriately (*e.g.*, as "Sealed Affidavit" or "Sealed Exhibit Number ___") for each requested sealed document.

11. Counsel of record may retain one (1) copy of the Confidential Information or Highly Confidential – Attorney's Eyes-Only Information and a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits containing the Confidential Information or Highly Confidential – Attorney's Eyes-Only Information. The Confidential Information or Highly Confidential – Attorney's Eyes-Only Information retained by counsel of record is subject to this Stipulated Protective Order.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Highly Confidential – Attorney's Eyes-Only Information if otherwise required by law or pursuant to a valid subpoena.

13. Nothing in this Protective Order shall preclude disclosure of the foregoing documents to any person who prepared, previously had legal access to, was an addressee of, or received a copy of such documents prior to the date of entry of this Protective Order, or who participated in the creation, compilation, or production of such documents.

14. This Protective Order does not apply to and does not preclude disclosure of: (1) Confidential Information or Highly Confidential – Attorney's Eyes-Only Information obtained by Receiving Party prior to execution of this Protective Order (provided, however, that it is understood such disclosure may be prohibited by other agreements); (2) Confidential Information or Highly Confidential – Attorney's Eyes-Only Information obtained by Receiving Party from third parties; (3) Confidential Information or Highly Confidential – Attorney's Eyes-Only Information obtained by Receiving Party that is a matter of public record or can be obtained through the Freedom of Information Act or Freedom of Information Law; or (4) Confidential Information or Highly Confidential – Attorney's Eyes-Only Information disclosed by Producing Party to third parties such as payroll companies, general contractors, property owners, customers, the New York State Department of Labor, or the United States Department of Labor.

15. This Protective Order shall, absent prior written consent of the parties, continue to be binding after the conclusion of this litigation, except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal).

16. This Protective Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

**SO STIPULATED AND AGREED.**

DATED: August 7, 2026

**CLIFFORD GREENE, ESQ.**

By: /s/ Clifford Greene
Clifford Greene, Esq.
Attorneys for Defendant
Office and Post Office Address
700 Post Road, Suite 309
Scarsdale, New York 10583
Telephone: (914) 472-5992
e-mail: cliff@chgandassociates.com

DATED: August 7, 2026

**BLITMAN & KING LLP**

By: /s/ Daniel Kornfeld
Daniel Kornfeld, of Counsel
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Phone: (315) 422-7111
Facsimile: (315) 471-2623
e-mail: dekornfeld@bklawyers.com

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 8/11/2026

**EXHIBIT "A"**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: *Teamsters Local 456 Pension Fund, et al. v. Saltarelli Industries, Inc. et al.*, Civil Action No.: 7:25-cv-10042 (JGLC/VR), have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: ______________________, 2026

______________________________ ______________________________
Name (printed) Signature

Signed in the presence of:

______________________________
(Attorney)